```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
            FORT WORTH DIVISION

LISA MACK,                       §
                                 §
       Petitioner,               §
                                 §
VS.                              §   No. 4:19-CV-309-Y
                                 §
MICHAEL CARR, Warden,[1]         §
FMC-Carswell,                    §
                                 §
       Respondent.               §
```

## **OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Lisa Mack, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, respondent. After having considered the petition and relief sought by Petitioner, the Court concludes that the petition should be dismissed for lack of jurisdiction.

### I. Factual and Procedural Background

In 2008, Petitioner was indicted in the United States District Court for the Eastern District of Wisconsin for causing another to travel in interstate commerce to commit murder for hire (Count One), conspiracy to commit murder for hire (Count Two), and possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c), (Count Three). (Resp't's App. 1-3,

---

[1]The Court is informed that Michael Carr has replaced Jody R. Upton as the warden of FMC-Carswell. Pursuant to Federal Rule of Civil Procedure 25(d), Carr is automatically substituted as the party of record.

doc. 9.) In 2010, pursuant to a plea agreement, Petitioner pleaded guilty to Counts One and Three and was sentenced to a total term of 180 months' imprisonment. (Id. 5-6, 19-20.) By way of the instant § 2241 petition, Petitioner challenges the legality of her conviction under § 924(c) on the basis of multiple United States Supreme Court decisions, most notably, *United States v. Davis,* 139 S. Ct. 2319 (2019), and *Johnson v. United States,* 135 S. Ct. 2551 (2015). (Pet. 7, doc. 1; Pet'r's Addendum 1, doc. 19.) Respondent asserts that the petition should be dismissed for lack of jurisdiction. (Resp't's Resp. 1, doc. 8.)

## II. Discussion

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States,* 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.,* 911 F.2d 1111, 1113 (5th Cir. 1990). Such challenges may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so-called "savings clause"); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).

In *Johnson v. United States,* the United States Supreme Court held that the definition of "crime of violence" contained in the residual clause of the Armed Career Criminal Act, 18 U.S.C. §

2

924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2555-57, 2563. In *United States v. Davis,* the Supreme Court extended its holding in *Johnson* to § 924(c)(3)(B). 139 S. Ct. at 2323-24, 2336. *Davis* has been held to be a new rule of constitutional law retroactively applicable on collateral review. *See United States v. Reece,* 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen,* 936 F.3d 1091, 1097-1100 (10th Cir. 2019); *In re Hammoud,* 931 F.3d 1032, 1037-39 (11th Cir. 2019).

Thus, Petitioner's claims fall squarely within the realm of § 2255(h)(2). As such, § 2255 remains her exclusive remedy to raise her constitutional challenge, and she has been granted authorization to file a successive § 2255 based on *Davis.* Order, Mack v. United States, No. 19-3230 (7th Cir. Dec. 4, 2019) ECF No. 2. Because Petitioner cannot demonstrate that her remedy under § 2255 is "inadequate or ineffective," the instant petition should be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Petitioner has neither alleged nor demonstrated that he is entitled to proceed under 28 U.S.C. § 2241. Therefore, a certificate of appealability should not issue.

SIGNED January 17, 2020.

                                               TERRY R. MEANS
                                               UNITED STATES DISTRICT JUDGE